UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff

vs.                                                                                    Case No. 2:13-cr-00024 WTL-CMM

DESHAON ASKEW,

    Defendant

### REPORT TO DISTRICT JUDGE
### PROPOSED FINDINGS OF FACT AND
### CONCLUSION OF LAW

A hearing was convened in this matter on July 16, 2013, on a Petition for Warrant or Summons for Offender Under Supervision filed June 26, 2013 [Doc. 7]. A warrant was issued and the Court set this matter for an initial appearance. This matter was referred to the Magistrate Judge for hearing pursuant to 18 U.S.C. 3401(i) in an Entry and Order issued by The Hon. William T. Lawrence, U. S. District Judge, on July 2, 2013 [Doc. 10]. The July 16 hearing constituted a hearing on the defendant's alleged violations of the terms and conditions of his sentence while on supervised release.

The Government appeared by Gayle Helart, Assistant United States Attorney; the defendant, Deshaon Askew, appeared in person (in custody) and by counsel, Michael Slagle.

The Government and defense counsel advised the Court that the parties had reached an agreement on admission of certain violations and a proposed disposition. The Court advised the defendant of his constitutional rights and the burden of proof with respect to the alleged

violations. The defendant answered preliminary questions to ascertain his ability to understand the proceedings. The defendant was provided a copy of the Petition and waived his right to a preliminary hearing.

The parties then proposed a resolution of the matter by which the Defendant admitted the violations set forth in the Petition and a proposed modification in the terms and conditions of release. Specifically, the parties stipulated that the Defendant should serve 14 months in the custody of the Bureau of Prisons and any further supervised release contemplated in the defendant's original sentence should be voided.

The Court finds that the defendant, after being placed under oath, made a knowing, intelligent and voluntary admission of all violations outlined in the Petition with the advice of counsel. The Government and the defendant stipulated to the revision of terms and conditions of release as described above.

The undersigned recommends to the Court adoption of the following Findings of Fact and Conclusions of Law:

### Findings of Fact

1.   The defendant, Deshaon Askew, was sentenced on August 31, 2006, in the U. S. District Court for the Central District of Illinois on a charge of Possession of Firearm by Felon. The original sentence included 96 months confinement and three years of supervised release. He was later transferred to the Southern District of Indiana for supervision on June 10, 2003 [See Doc. 2].

2.   While on supervised release, the defendant violated the terms of supervised release as follows:

      a.   Failed to refrain from any unlawful use of a controlled substance;
      b.   Failed to refrain from purchasing, possessing, using, distributing, or

                    administering any controlled substance not prescribed by a physician;
    c.     Failed to refrain from frequenting places where controlled substances are illegally sold, used, distributed or administered.

In this regard, the defendant admitted regular use of marijuana since his release from custody and admitted that he had submitted nine drug screens that testified positive for marijuana.

    d.     Failed to reside for a period of up to six months at a residential re-entry facility in the Southern District of Indiana.

In this regard, the defendant admitted that he threatened staff and fled the facility at Volunteers of America in Indianapolis without permission. He was admitted to the program on June 14, 2013 and terminated only 10 days later for his conduct at the facility.

3.     The defendant was under supervision of the U.S. Probation Office in the Southern District of Indiana on June 26, 2013, the date on which the Petition was filed.

4.     The defendant admitted these allegations in open court, under oath, and after the advice of counsel.

5.     Askew's actions violated the following terms of supervised release from the original sentence.

6.     Askew, by counsel, acknowledged that he had violated the terms of his supervised release and stated an understanding of the consequences of further violations.

### Conclusions of Law

1.     The Court finds by a preponderance of the evidence that the defendant violated the terms of supervised release on and after his release from the Bureau of Prisons and while under supervision of the U. S. Probation Office.

2.     The violations noted in the Findings of Fact under 2 (a) through (d) constitute Grade C violations under §7B1.1(b), *United States Sentencing Guidelines* (Chapter 7, Violations of Probation and Supervised Release).

3.     The defendant's criminal history under §7B1.4(a) is Category VI.

4. Based upon these conclusions, the sentencing options for this defendant include a range of imprisonment of more than eight months but not more than 14 months based upon these findings and conclusions. *See,* §7B1.3(c)(2).

5. Based upon these findings and conclusion, the Magistrate Judge recommends that the defendant be sentenced to a term of 14 months in the custody of the U.S. Bureau of Prisons. The Magistrate Judge further recommends that supervised release be voided from the defendant's original sentence. The Magistrate Judge notes, with regret, that the Government concludes the defendant cannot conform his conduct to the expectations of supervised release and the defendant evidently concurs. This recommendation is consistent with the agreement of the Government and the defendant—an agreement the Magistrate Judge recommends be accepted and incorporated in the disposition of this matter.

6. In reaching these conclusions, the Court has considered the factors set forth in 18 U.S.C. 3553(a)(1) [nature and circumstances of the offense and the history and characteristics of the defendant, here, the multiple violations of the terms of supervised release], (a)(2)(B) [affording adequate deterrence to criminal conduct, here, consideration of the defendant's multiple violations and disregard of reasonable rules of supervised release], (a)(2)(c) [to protect the public from further crimes of the defendant], (a)(2)(D) [not applicable], (a)(4), (a)(5) [not applicable here], (a)(6) [the need to avoid unwarranted sentence disparities among defendants with similar records], and (a)(7) [not applicable here].

### Recommendation

The undersigned recommends to the Court adoption of these Findings of Fact and Conclusions of Law and the revocation of the defendant's supervised release and the imposition

of term of incarceration of 14 months. Supervised release following incarceration is not recommended.

The defendant is ORDERED detained pending the District Court's consideration of this recommendation.

Dated: 16 July 2013

Respectfully submitted,

Craig M. McKee
United States Magistrate Judge

**Distribution to:**
Gayle Helart, U.S. Attorney's Office
Michael Slagle
Ryan Sharp, U.S. Probation Office
Greg Snyder, U. S. Marshal's Office